UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HILLAIR CAPITAL INVESTMENTS, L.P.,                    Index No.: 12 CIV 7164

                          Plaintiff,                    **AFFIRMATION IN
                                                        SUPPORT OF MOTION TO
                                                        WITHDRAW**

      -against-

INTEGRATED FREIGHT CORPORATION,
SMITH SYSTEMS TRANSPORT, INC.,
MORRIS TRANSPORT, INC., CROSS CREEK                  T
RUCKING, INC., PAUL HENLEY,
HENRY P. HOFFMAN AND MATTHEW A. VEAL,

                          Defendants.
-------------------------------------------------------------------X

      I, THOMAS D. ATKINSON, being duly sworn, deposes and states pursuant to 28 U.S.C. §1746:

1. I am attorney at law admitted to practice before the Courts of the State of New York and in the Federal Courts of the Eastern and Southern Districts of New York. I am counsel of record for the defendants in this action, specifically, INTEGRATED FREIGHT CORPORATION, SMITH SYSTEMS TRANSPORT, INC., MORRIS TRANSPORT, INC., CROSS CREEK TRUCKING, INC., PAUL HENLEY, HENRY P. HOFFMAN AND MATTHEW A. VEAL (collectively, the "Defendants"). I submit this declaration in support of the Motion to Withdraw as Counsel of Record and to Stay Proceedings for sixty days.

2. This action was commenced on September 24, 2012 by the filing of a Summons and Complaint by plaintiff's counsel, the Law Offices of Ellenoff, Grossman & Schole, LLP. Issue was joined by the service of an answer by the Defendants on January 4,

2013. Attached hereto as exhibit A is a copy of such pleadings.

3. On May 6, 2013, plaintiff's counsel moved for summary judgment. Thereafter, on June 3, 2013 defendants set forth opposition papers to such Motion for Summary Judgment and crossed moved to amend their Answer. On August 28, 2013, this Honorable Court issued an Order denying plaintiff's Motion for Summary Judgment, without prejudice, and granting defendants' Motion to File an Amended Answer. Thus far no discovery has taken place.

4. Local Civil Rule 1.4 states as follows:

> "An attorney who has appeared as attorney of record for a period may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by Order. Such an Order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all of the parties."

5. In addition, the New York State Rules of Professional Conduct, Rule 1.16 permits withdrawal of counsel where the client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." N.Y. Prof. Conduct Rule 1.16. In addition, the Second Circuit has acknowledged that "where the client 'deliberately disregarded' financial obligations," nonpayment of legal fees "may constitute 'good cause' to withdraw." *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (quoting *McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990) and N.Y. Code of Prof'l Responsibility D.R. 2-110(C)(a)(f)). Similarly, this Court consistently has

found the failure to pay legal fees to be a legitimate ground for granting a motion to withdraw as counsel. *See, e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB) (JCF), 2011 U.S. Dist. LEXIS 16674, at *7-8 (S.D.N.Y. Feb. 17, 2011) ("Although there is no clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal, it seems evident that the non-payment of legal fees constitutes such a reason."); *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950 (DAB), 2005 U.S. Dist. LEXIS 17008, at *1 (S.D.N.Y. Aug. 15, 2005) ("'Satisfactory reasons include failure to pay legal fees.") (internal citations omitted); *Cower v. Albany Law Sch. of Union Univ.*, No. 04 Civ. 0643 (DAB), 2005 U.S. Dist. LEXIS 13669, at *16 (S.D.N.Y. July 8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw.") (citation omitted); *HCC, Inc. v. R H & M Mach. Co.*, No. 96 Civ. 4920 (PKL), 1998 U.S. Dist. LEXIS 10977, at *1 (S.D.N.Y. July 20, 1998) ("It is well-settled that non-payment of fees is a valid basis for granting counsel's motion to withdraw."); *WABC-AM Radio, Inc. v. Vlahos*, 89 Civ. 1645, 1992 WL 276550, at *1-2 (S.D.N.Y. Sept. 29, 1992) (granting motions to withdraw on ground of client's failure to pay fees even if this would cause a delay in the litigation).

6. Notably, the instant Motion to Withdraw has not been filed for any substantive reason related to the merits of this action. Defendants, however, have deliberately not met their financial obligations to the Ledwith & Atkinson Law Firm given the time and effort defending this action has thus far required. Ledwith & Atkinson is not in a position to continue without the financial payments the Defendants are

obligated to make under their retention agreement. A copy of such retention agreement is attached hereto as exhibit B. Defendants have deliberately failed, despite many requests, to make any payments on account. Further, your undersigned and the Defendants have a difference of opinion on how this matter should be defended.

7. Please note that this firm will not be asserting a retaining or charging lien. In addition, discovery on this matter has not yet commenced.

8. Defendants have not provided any additional instructions to your undersigned regarding this action. I believe Defendants will likely need time to find counsel that can defend this action, or prepare to defend this action *pro se*. So as to avoid any prejudice to Defendants, I believe it is in the best interest of the parties that the Court temporarily stay this action for 60 days to provide them time to find replacement counsel or appear *pro se*.

9. For all the foregoing reasons, I respectfully request that the Court grant the Motion to Withdraw as counsel and a temporary stay of 60 days for Defendants to retain counsel or appear *pro se*.

10. Each of the Defendants has been mailed a copy of this motion.

I declare under the penalty of perjury under of the Laws of United States of America that the foregoing is true and correct.

Dated: Lynbrook, New York
      October 10, 2013

THOMAS D. ATKINSON (TA 6588)

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                            ss.:
COUNTY OF NASSAU )

    LAURA A. RYDER, being duly sworn, deposes and says:

    That deponent is not a party to the within action, is over the age of 18 years and resides at Lynbrook, New York.

    That on October 10, 2013 your deponent served the within **NOTICE OF MOTION TO WITHDRAW and supporting documents** by depositing a true copy of same enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York addressed to the following at their respective addresses:

**TED PORETZ (TP-5387)**
**ELLENOFF, GROSSMAN & SCHOLE, LLP**
**Attorneys for Plaintiff**
**HILLAIR CAPITAL INVESTMENTS, L.P.**
**150 East 42nd Street, 11th Floor**
**New York, New York**
**(212) 370-1300**

**Integrated Freight Corporation**
**100 Main Street North**
**UPS Suite 208**
**Southbury, CT 06488**

**Smith Systems Transport, Inc.**
**2720 N. 10th Street**
**Gering Nebraska 69341**

**Matthew A. Veal**
**7937 Broadmoor Pines Blvd**
**Sarasota, Florida 34243**

Matthew A. Veal
8374 Market Street #478
Bradenton, Florida 34202

Paul Henley
23730 County Road 675
Myakka City Florida 34251

Henry P. Hoffman
8374 Market Street #478
Bradenton, Florida 34202

Henry P. Hoffman
PO Box 46483
St. Petersburg Florida

Morris Transport, Inc.
728 Highway 52 West
Hamburg, Arkansas 71646

Cross Creek Trucking, Inc.
7111 Blackwell Road
Central Point, Oregen 97502

LAURA A. RYDER

Sworn to before me this
10th day of October, 2013

NOTARY PUBLIC

PETER K. LEDWITH
Notary Public, State of New York
No. 4951912
Qualified in Nassau County
Commission Expires 6/7/15

**Index No.: 12 CIV 7164**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
HILLAIR CAPITAL INVESTMENTS, L.P.,

                               Plaintiff,

    -against-

INTEGRATED FREIGHT CORPORATION,
SMITH SYSTEMS TRANSPORT, INC.,
MORRIS TRANSPORT, INC., CROSS CREEK          T
RUCKING, INC., PAUL HENLEY,
HENRY P. HOFFMAN AND MATTHEW A. VEAL,

                              Defendants.
----------------------------------------------------------------------X

## NOTICE OF MOTION TO WITHDRAW
### with supporting papers

**Pursuant to 22 NYCRR 130-131.-a, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief, and after reasonable inquiry, the contentions contained in the annexed documents are not frivolous**

Dated: Lynbrook, New York
      October 10, 2013

                                                THOMAS D. ATKINSON (TA 6588)
                                                   LEDWITH & ATKINSON
                                                    Attorney for Defendants
                             INTEGRATED FREIGHT CORPORATION,
                               SMITH SYSTEMS TRANSPORT, INC.,
MORRIS TRANSPORT, INC., CROSS CREEK TRUCKING, INC.,
    PAUL HENLEY, HENRY P. HOFFMAN and MATTHEW A. VEAL
                                          14 St. James Place
                                      Lynbrook, New York 11563
                                           (516) 593-1771
                                       (516) 593-1816-fax