UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
HILLAIR CAPITAL INVESTMENTS, L.P.,

         Plaintiff,

-against-

INTEGRATED FREIGHT CORPORATION, et al.,

         Defendants.
------------------------------------------------------------- X

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

12 Civ. 7164 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

    On September 24, 2012, Plaintiff Hillair Capital Investments ("Plaintiff") filed a complaint against defendants Integrated Freight Corporation ("Integrated"), Smith Systems Transport, Inc. ("Smith"), Morris Transport, Inc., Cross Creek Trucking, Inc., Paul Henley ("Henley"), Henry P. Hoffman, and Matthew A. Veal (collectively, "Defendants"), alleging that it had loaned money to Integrated, which was guaranteed by the remaining defendants, and Integrated had defaulted. After a settlement was reached on the record, Integrated defaulted on the settlement. Plaintiff now brings this motion for summary judgment against defendants Smith Systems, Morris Transport, Inc., Cross Creek Trucking, Inc., Henley, Henry P. Hoffman, and Matthew A. Veal (the "Guarantors"). Smith is the only party to oppose the motion, and cross-moves to amend the complaint to add several defenses. For the reasons set forth below, I grant Plaintiff's motion and deny Smith's motion.

## BACKGROUND

    In late 2011, Plaintiff entered into two sets of securities purchase agreements and debentures (the "Securities") with Integrated. Under these agreements, Integrated was obligated to pay Plaintiff set sums by specified dates in 2012. Along with the Securities, two subsidiary

guarantees (the "Subsidiary Guarantees") and two individual guarantees (the "Individual Guarantees") were executed. The Subsidiary Guarantees, were all signed by Defendant Paul Henley ("Henley"), the CEO of Integrated at that time, on behalf of Smith, Morris Transport, Inc., and Cross Creek Trucking Inc., and guaranteed the sums Integrated owed to Plaintiff under the Securities. The Individual Guarantees guaranteed all of the obligations under the Securities. The first set of securities was guaranteed by Henley, and the second set was guaranteed by Henley, Henry P. Hoffman, and Matthew A. Veal. Integrated did not make any payment to Plaintiff, who brings this suit against Defendants for repayment of the sums, as well as attorney's fees, costs, and expenses.

On January 4, 2013, Defendants filed a joint answer through their counsel, Thomas D. Atkinson ("Atkinson") of Ledwith & Atkinson. (Dkt. No. 13.) Plaintiff filed a first motion for summary judgment on May 6, 2013. (Dkt. No. 15.) In its opposition, Defendants moved to file an amended answer to incorporate an affirmative defense of usury. (Dkt. No. 20.) On August 27, 2013, I granted Defendants' motion to amend and denied Plaintiff's motion with leave to replead. (Dkt. No. 29.) Defendants never filed an amended answer.

On October 30, 2013, a settlement was read into the record in open court before me at a hearing (the "Hearing"). (Dkt. No. 35.) Appearing on behalf of defendants was their counsel, Atkinson, and David Fuselier ("Fuselier"), the CEO of Integrated. (*Id.*) Under the terms of the settlement, Integrated agreed to pay $400,000 to Plaintiff, split amongst 7 payments over the course of a year. (*Id.* at 2.) If any payment was not made on time, Defendants agreed to confess judgment and judgment would be entered by the Court for the amount of $450,000, less what had been paid up to that point, plus reasonable attorney's fees for the litigation, and with legal interest applied in case of a default. (*Id.* at 2-3.) The Subsidiary and Individual Guarantees were to remain in effect according to their existing terms, and have joint and several liability for

2

the settlement payments up to the amount stated in the guarantee and not beyond. (*Id.* at 3.) Both Atkinson and Fuselier stated their approval of the settlement on the record. (*Id.*)

On February 4, 2014, Plaintiff sent a letter to the court, copying Atkinson, stating that Integrated had missed its first payment under the settlement, and seeking to revive its claims against the Guarantors. (Dkt. No. 37 at 1.) At the status conference on February 21, 2014, to discuss the issue, no one appeared on behalf of Defendants.

On May 6, 2014, Plaintiff filed the instant motion for summary judgment against the Guarantors, arguing that since Integrated had conceded liability to Hillair, the Guarantors are liable pursuant to the Settlement Agreement and have waived any defenses they may previously have asserted. (Dkt. No. 41.) The following day, Atkinson filed a motion to withdraw as counsel for Defendants, stating that Defendants had not met their financial obligations and had not made any payments on account, which I granted on December 22, 2014. (Dkt. Nos. 31, 33, 44, 50.) On January 30, 2015, new counsel appeared on the record for Smith (Dkt. No. 51), which filed its opposition and motion to amend/correct the answer on March 4, 2015. (Dkt. Nos. 57, 59.) In its motion, Smith argues that the settlement agreement read into the record was not complete because a corporate representative of Smith was not present and because Atkinson did not have actual or apparent authority to enter into the settlement agreement on behalf of Smith. Smith further argues that it should be given leave to amend the answer to add the defense of criminal usury and defenses specific to Smith.

## LEGAL STANDARD

Under the well-established summary judgment standard, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding the motion, the court must "resolve all ambiguities, and credit all factual inferences that could

3

rationally be drawn, in favor of the party opposing summary judgment." *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008). The court should also "eschew credibility assessments." *Amnesty Am. v. Town of West Hartford*, 361 F.3d. 113, 122 (2d. Cir. 2004). However, "[t]he mere existence of a scintilla of evidence in support of the [non-moving] party's position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## DISCUSSION

There is no question of material fact as to the settlement terms and the obligations of the Guarantors thereunder, as they were read into the record. (*See* Dkt. No. 35.) The only issue that Smith raises with respect to the settlement is whether or not Smith is bound by it. Smith argues that the settlement is not binding on it because: (i) a corporate representative on behalf of Smith was not present at the Hearing; and (ii) Atkinson did not have authority to enter into the settlement on behalf of Smith. Neither of these arguments creates a genuine issue of material fact.

First, Smith points to no rule or case law stating that a corporate representative of Smith was required to be present at the Hearing. Fed. R. Civ. P. 16(c)(1) states "A represented party must authorize at least one of it attorneys to make stipulations and admissions about all matters that can reasonably be anticipated for discussion at a pretrial conference. If appropriate, the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement." Atkinson was present at the Hearing as Smith's counsel of record, and Smith does not assert that I required the parties to be present or reasonably available.

In addition, Fusilier, the CEO of Integrated, was in fact present at the hearing and accepted the settlement. Smith does not dispute that at the time of the hearing, Integrated owned

4

100% of the stock of Smith, and in fact concedes that the shareholders sold all of Smith's stock to Integrated in 2008. (*See* Dkt. Nos. 56 at ¶ 6 & 56-2.) Smith argues that Fusilier did not have apparent or actual authority to bind Smith at the Hearing, as Integrated stated in its financial filings that it was "operating these subsidiaries as independent companies under the management of their founders and stockholders from whom we purchased them" and never fully performed under the stock exchange agreement. (*See* Dkt. Nos. 56 at ¶ 28 & 56-4 at 5.) Neither of these assertions creates a genuine issue of fact as to whether Smith was a wholly-owned subsidiary of Integrated, or whether Fusilier, as the CEO of Integrated, had apparent authority to accept the settlement on behalf of Smith at the hearing. Therefore, even if I had required a corporate representative, which I did not, Smith was represented at the Hearing.

Second, Smith argues that the settlement is not binding on it because Atkinson did not have actual or apparent authority to enter into the settlement on behalf of Smith. Again, there is no genuine issue of fact in dispute. Smith admits that Atkinson represented Smith along with the other defendants (*see* Dkt. No. 56 at ¶ 44), and that Smith and Atkinson discussed the settlement, with Atkinson telling Smith that "the settlement with plaintiff was in all parties' best interests" (*id.* at ¶ 45). Smith provides no factual basis for his assertion that Atkinson, his counsel of record, did not have actual authority to enter into the settlement on its behalf, and therefore the settlement must be upheld. *See Fennell v. TLB Kent Co.*, 865 F.2d 498 (2d Cir. 1989). As for apparent authority, other parties could reasonably rely that Atkinson was given authority by Smith.

Smith requests to amend the answer to incorporate the usury defense. Smith also raises, for the first time, a requested defense arguing that Henley's signature on the guarantees on behalf of Smith is invalid as he signed them as "President" of Smith and Henley was never Smith's President. (*See* Dkt. No. 58 at 5.) Smith provides no factual basis for any reason why

5

Henley did not have the authority to sign the guarantees, even if he was not the President of Smith. Smith has been a party to this litigation since its inception, and asserts it learned about the guarantees at that time. Even though Smith had only received $40,000 out of the $250,000 under the stock exchange agreement, and only copies, not originals, of Integrated's stock, and learned that Henley had signed the guarantees as the President of Smith, Smith chose to "rel[y] upon [Integrated] to provide a proper defense for all of the defendants". (Dkt. No. 56 at 3.) That Smith does not now like how Integrated defended the case is not a matter for this Court.

## CONCLUSION

For the reasons stated above, Plaintiff's motion is GRANTED and summary judgment is entered against Smith Systems Transport, Inc. ("Smith"), Morris Transport, Inc., Cross Creek Trucking, Inc., and Paul Henly, Henry P. Hoffman, and Matthew A. Veal. Plaintiff shall have until Friday, April 10, 2015, to submit papers calculating the total judgment against the above-named defendants, inclusive of attorney's fees and interest.

The clerk shall mark the motions (Dkt. Nos. 41, 57, 59) terminated.

SO ORDERED.

Dated: March 27, 2015
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge